NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED SUPPORT SOLUTIONS, | |
| Plaintiff, | Civil Case No. 14-2842 (FSH) |
| v. | **OPINION & ORDER** |
| JEFFREY LAPIERRE, et al., | Date: July 7, 2014 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Jeffrey LaPierre's, Juan Gutierrez's, Rafael Antonio Ortiz's, and Rafaelito Ortiz's (collectively referred to as "Defendants") motion to dismiss (Dkt. No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose Defendants' motion to dismiss. The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

### I.   BACKGROUND[1]

This action arises out of Defendants' filing of four related lawsuits against Plaintiff United Support Solutions ("United" or "Plaintiff") alleging discrimination by United in violation of New Jersey's Law Against Discrimination ("NJLAD"). Specifically, United alleges that during the course of these litigations, Defendants approached former and present employees of United and requested that these employees join the litigations filed by Defendants. United also alleges that Defendants requested that the employees of United offer false testimony "alleging violations of the NJLAD by principals of the plaintiff." (Compl., ¶ 8.) Plaintiff alleges that

---

[1] These facts are taken from Plaintiff's complaint (Dkt. No. 1), unless otherwise noted.

1

these actions constitute a violation of the New Jersey Civil Racketeer Influenced and Corruption Organizations Act, N.J.S.A. 2C:41-2(c), and the Federal Civil RICO Act, 18 U.S.C. § 1962(c).

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a

'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original). On a motion to dismiss, the Court may take judicial notice of the record from a previous court proceeding between the parties. *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's claims on a variety of grounds including Plaintiff's lack of standing, failure to identify a predicate racketeering act, failure to plead a pattern of racketeering, and violation of New Jersey's entire controversy doctrine. Plaintiff did not oppose Defendants' motion to dismiss. Because the issue of standing is dispositive, the Court need not address the balance of Defendants' arguments.

Under both the federal RICO statute and the New Jersey RICO statute, a plaintiff must establish standing by showing that "plaintiff's harm was proximately caused by the RICO predicate acts alleged, *i.e.* that there was a direct relationship between plaintiff's injury and defendant's conduct."[2] *Interchange State Bank v. Veglia*, 286 N.J. Super. 164, 178 (App. Div. 1995) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir.)). "This requires a showing not only that the defendant's alleged RICO violation was the 'but for' cause or cause-in-fact of his injury, but also that the violation was the legal or proximate cause." *Id*. (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). This requires some direct relationship between the injury asserted and the injurious conduct alleged. *Holmes*, 503 U.S. at 268.

---

[2] The sections of the federal RICO statute and New Jersey RICO statute that provide for a private right of action are similar and both require that a person be injured by under underlying RICO violation. *See* 18 U.S.C. § 1964(c), N.J.S.A. 2C:41-4(c).

The Third Circuit has interpreted Section 1964(c) to require the following showing by plaintiffs: "(1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000). In order to survive a motion to dismiss, Plaintiff must alleged facts sufficient to support an inference of proximate causation between Defendants' actions and Plaintiff's injuries. *Pelullo v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 131 F. App'x 864, 867 (3d Cir. 2005).

Here, Plaintiff's complaint fails to identify what damages, if any, it suffered due to Defendants' conduct. Nor does Plaintiff's complaint provide an inference of proximate causation (*i.e.*, a direct connection) between alleged RICO violations and any harm. The Court dismisses Plaintiff's complaint because it lacks this essential element for its New Jersey and federal RICO claims.

### IV.   CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 7th day of July, 2014,

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

  **/s/ Hon. Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.